IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK MURRAY, § | | |
|    Plaintiff, § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 4:21cv12 |
| § | | |
| PATSY STENGEL DBA DIAMONDS § | | |
| COSMETOLOGY COLLEGE AND § | | |
| DIAMONDS BARBER COLLEGE § | | |
| AND § | | |
| DCBC SERVICES LLC/MICHELLE § | | |
| RITCHIE DBA DIAMONDS § | | |
| COSMETOLOGY COLLEGE AND § | | |
| DIAMONDS BARBER COLLEGE, § | | |
|    Defendants. § | | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

     **COMES NOW**, Mark Murray, Plaintiff, and files this complaint against Patsy Stengel doing business as Diamonds Cosmetology College and Diamonds Barber College (hereinafter "Stengel") and DCBC Services LLC doing business as Diamonds Cosmetology College and Diamonds Barber College (hereinafter "DCBC") (collectively hereinafter "Defendants" and "Diamonds"), and would respectfully show the Court as follows:

### I.  PARTIES

1.    Plaintiff is an individual residing in Grayson County, Texas.

2.    Defendant Patsy Stengel is an individual doing business in Texas as Diamonds Cosmetology College also known as Diamonds Barber College and may be served by serving Patsy Stengel at 2110 Cedar St., Sherman, Texas 75092.

3.    Defendant DCBC Services LLC/Michelle Ritchie is a domestic limited liability company

doing business in Texas as Diamonds Cosmetology College and Diamonds Barber College is a Texas limited liability and may be served by serving its registered agent Michelle Ritchie at 3321 N. Loy Lake Road, Sherman, Texas 75090.

## II. JURISDICTION

3.      Jurisdiction is founded on federal question, specifically 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended; 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended; and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.      All prerequisites to filing suit have been met.

## III. FACTS

5.      Plaintiff was employed for over two (2) months by Patsy Stengel doing business as Diamonds Cosmetology College and Diamonds Barber College ("Diamonds"), located at 3321 Loy Lake Road, Sherman, Texas 75092, beginning on or about February 4, 2019.  At the time of his discharge on or about April 18, 2019, he was employed as a licensed barber instructor.

6.      Plaintiff began working at Diamonds as a licensed barber instructor on or about February 4, 2019 after working on a trial, tryout basis in December 2018.  Diamonds had recently begun the barber college in addition to its existing cosmetology college.  Patsy Stengel, the owner, offered Plaintiff a full-time position in January 2019 with his permanent schedule established as Monday through Thursday, 8:00 a.m. to 5:00 p.m.  His first day of work was February 4, 2019.

7.      When Plaintiff was hired and given the "permanent schedule," the existing barber instructor, Kimberly Last Name Unknown (female, approximately 36 years old), was assigned an alternate schedule.

8. Tensions and animosity arose quick with Kimberly. Plaintiff spoke to Ms. Stengel about the matter on many occasions. She and her manager instructor, Barbara Remerhausen (female, approximately 40 years old), told him Kimberly was using Facebook and other social media platforms to communicate with the barber college students, telling them to disregard anything Plaintiff told them, that he was not a qualified instructor, and that he had no reason to be there. When students shared the texts and social media with Ms. Stengel, she was furious with Kimberly and told Plaintiff "don't worry, her days here are numbered."

9. The hostility was so pervasive that Ms. Stengel called a meeting with Plaintiff, Kimberly, and two other instructors, Ms. Remerhausen and Jessica Biggers (female, approximately 35 years old). Kimberly was instructed that fraternizing with the students was grounds for termination; however, she expressed her unwillingness to comply with the instruction. She was counseled and given a write up, for social media abuse and for fraternizing with students. These constituted final warnings.

10. Less than a week later, Ms. Stengel told Plaintiff she caught Kimberly once again addressing the students through social media. No disciplinary actions were taken against Kimberly.

11. In early March 2019, Plaintiff had emergency dental complications and was in and out of work over a two-week period, with approval. Ms. Stengel called several times for reassurance that Plaintiff would be returning to work. She advised him it was urgent he return because Kimberly had been "acting out" on the job and had finally walked out on the school in the middle of a day leaving them with no barber instructor until Plaintiff's return.

12. Upon his return, students asked Plaintiff what he had done to make Kimberly quit. He tried to clear his name, but Kimberly was relaying to them via social media that Plaintiff had caused her to quit.

13.     Ms. Stengel told Plaintiff that Kimberly's recurrent emotional problems created the situation and that she and Kimberly had had disputes regarding incidents of theft on the part of Kimberly in the months prior to her separation. Plaintiff had no knowledge of these events prior to Kimberly leaving and played no part in the discussions between her and Ms. Stengel.

14.     Student discontent in the barber program reached a higher level and blame was directed to Plaintiff as he continued to be the only licensed barber instructor following Kimberly's separation. The barber students were unruly, uncontrolled, and belligerent, taking no instructions or advise from Plaintiff or school management. In addition, they were smoking marijuana during class hours, were under the influence of marijuana during clinical hours, and were using profane language.

15.     Ms. Stengel called a meeting with the entire barber class and all instructors. The students denied any misconduct.

16.     Ms. Stengel later told Plaintiff many students had provided barber student services to their "personal clients" on the school's time and using the school's resources without any payment to the school. This constituted theft in her view. Students confirmed to him they had been given a warning.

17.     Morale was so low and tensions so high that Ms. Stengel told Plaintiff she was at the point where she could just shut the whole barber class down and start again with all new barber students because Kimberly had done too much damage.

18.     The shortage of licensed barber instructors in the program (Plaintiff was the only one) had already led Ms. Stengel to assign duties in the barber program to Ms. Remerhausen, a cosmetology instructor, and to a student instructor from the cosmetology instructor program (Name Unknown, female, approximately 24-29 years old).

19. Ms. Stengel telephoned Plaintiff one evening and told him she had talked to barber students and it seemed some of the students did not want either him or Ms. Remerhausen as their instructor. She had advised Plaintiff from the start not to let students push him or walk all over him. He did not.

20. She further advised him that she was considering rehiring a former cosmetology instructor (Cody Hunter III, approximately 40 years old) although she had previously terminated him for not revealing his criminal background (assault with a deadly weapon/serious bodily injury). At the time, Mr. Hunter was a barber student and later got his barber instructor license.

21. As a student in Plaintiff's barber class, Mr. Hunter was angry (for being fired as a cosmetology instructor) and disruptive. Following one outburst in Plaintiff's classroom, he was counseled and suspended. Ms. Stengel had warned Plaintiff not to let Mr. Hunter take over the classroom. She told Plaintiff she wondered if Mr. Hunter could change.

22. Plaintiff continued to work under these difficult conditions.

23. In early April 2019, Plaintiff told Ms. Remerhausen he would like to reduce his work schedule from four days per week to two days per week. She promised to get back to him by the end of the week. He later spoke briefly with Ms. Stengel about his request.

24. When Plaintiff did not hear back from them, he emailed Ms. Stengel on April 15, 2018 and requested a decision.

25. Plaintiff did not hear anything from them until Ms. Stengel came to him on or about April 17, 2019 and said "well, now I have Ms. (Name Unknown, a cosmetology instructor) back so you might as well just go home." Plaintiff asked if this was the end of his employment and she told him "I really won't need you here with her back now."

26. Plaintiff never received any verbal or written discipline.

27.     At the time of his discharge, Plaintiff was earning approximately $20.00 per hour for a 32-hour work week.

28.     Plaintiff contends that Defendants violated 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended; 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended; and TEX. LABOR CODE § 21.051 *et seq.*, as amended,.

29.     Upon information and belief, Defendant DCBC assumed ownership of Diamonds Cosmetology College and Diamonds Barber College in 2019.

### IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

### Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

30.     Plaintiff incorporates the factual allegations contained in paragraphs 5-29 herein as if set out verbatim.

31.     Plaintiff was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff from discrimination on the basis of age.

32.     Plaintiff was 62 years of age at the time of his discharge as licensed barber instructor for Diamonds.

33.     Plaintiff was well qualified for the position of licensed barber instructor for Diamonds based upon his education, training, and 8-10 years of experience as a barber and seven years of experience as a licensed barber instructor.

34.     Any reason Defendants may offer for discharging Plaintiff as licensed barber instructor is purely pretextual, as Plaintiff never received a negative performance review and was never given

notice of deficiencies of any kind during his employment with Defendants.

35. Plaintiff claims all relief, legal and equitable that effectuate his rights under 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

36. Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

37. On or about February 7, 2020, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 16, 2020, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 14, 2020.

38. In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

### Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended

39. Plaintiff incorporates the factual allegations contained in paragraphs 5- 29 herein as if set out verbatim.

40. Plaintiff would show Defendants' conduct as set forth above constitutes a violation of 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (male) from discrimination in the workplace.

41. Plaintiff was well qualified for the position of licensed barber instructor for Diamonds based upon his education, training, and 8-10 years of experience as a barber and seven years as a licensed barber instructor.

42. Any reason Defendants may offer for discharging Plaintiff as licensed barber instructor is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of deficiencies of any kind during his employment with Defendants.

43.     Plaintiff claims all relief, legal and equitable that effectuate his rights under 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

44.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

45.     On or about February 7, 2020, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 16, 2020, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 14, 2020.

46.     In addition to the Federal Claims for Relief and Damages as set forth above, or in the alternative, Plaintiff alleges as follows:

## V. STATE CLAIMS FOR RELIEF AND DAMAGES

### Violations of TEX. LABOR CODE § 21.051 *et seq.*

**A.     Discrimination on the Basis of Age**

47.     Plaintiff incorporates the factual allegations contained in paragraphs 5-29 herein as if set out verbatim.

48.     Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051 *et seq.*, as amended, protecting Plaintiff from discrimination on the basis of age.

49.     Plaintiff was 62 years of age at the time of his termination by Defendant.

50.     Plaintiff was well qualified for the position of licensed barber instructor for Diamonds based upon his education, training, and 8-10 years of experience as a barber and seven years as a licensed barber instructor.

51.     Any reason Defendants may offer for discharging Plaintiff as licensed barber instructor is purely pretextual, as Plaintiff never received a negative performance review and was never given

notice of deficiencies of any kind during his employment with Defendants.

52. Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR CODE § 21.051 *et seq.*, including TEX. LABOR CODE § 21.258.

53. Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory and punitive damages as authorized by TEX. LABOR CODE § 21.2585.

54. Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

55. On or about February 7, 2020, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 16, 2020, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 14, 2020.

**B.     Discrimination on the Basis of Sex**

56. Plaintiff incorporates the factual allegations contained in paragraphs 5-29 herein as if set out verbatim.

57. Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051 *et seq.*, as amended, protecting Plaintiff (male) from discrimination in the workplace.

58. Plaintiff was well qualified for the position of licensed barber instructor for Diamonds based upon his education, training, and 8-10 years of experience as a barber and seven years as a licensed barber instructor.

59. Any reason Defendants may offer for discharging Plaintiff as licensed barber instructor is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of deficiencies of any kind during his employment with Defendants.

60. Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR CODE § 21.051 *et seq.*, including TEX. LABOR CODE § 21.258.

61. Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory and punitive damages as authorized by TEX. LABOR CODE § 21.2585.

62. Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

63. On or about February 7, 2020, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On October 16, 2020, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated October 14, 2020.

## VI. DAMAGES

64. Plaintiff would show that he has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendants' wrongful conduct.

65. Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended; and 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended.

66. Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR CODE § 21.051 *et seq.*, including TEX. LABOR CODE § 21.258.

67. Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory and punitive damages as authorized by TEX. LABOR CODE § 21.2585.

## VII. ATTORNEY'S FEES

68. Plaintiff would show that, as a result of Defendants' wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees.

## VIII. JURY DEMAND

69. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendants for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; reinstatement; back pay; front pay; liquidated damages; punitive damages; mental anguish; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com

 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**