# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MARK MURRAY, | § | |
| *Plaintiff*, | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:21-CV-00012<br>Judge Mazzant |
| PATSY STENGEL, et al., | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Default Judgment (Dkt. #9). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's motion should be granted.

## BACKGROUND

This case arises out of Plaintiff's termination from Diamonds Cosmetology College and Diamonds Barber College ("Diamonds"). Plaintiff worked as a licensed barber at Diamonds, beginning on February 4, 2019. Prior to Plaintiff's full-time employment at Diamonds, he worked on a trial basis. According to Plaintiff, he attempted to shorten his work schedule from four days per week to two days per week in April 2019. Plaintiff was not given a response to his request until April 17, 2019, when Plaintiff claims his supervisor, Patsy Stengel ("Stengel"), told him to go home because she "really [wouldn't] need [Plaintiff] with [the new instructor] back now" (Dkt. #1 at p. 5). Plaintiff's employment at Diamonds ceased on April 18, 2019.

On January 6, 2021, Plaintiff filed his Complaint (Dkt. #1). Also on January 6, 2021, Plaintiff issued a summons to Defendants. On January 12, 2021, the summons were returned as executed. Both Defendants were served January 8, 2021, with answers due January 29, 2021. On

March 2, 2021, Plaintiff requested the Clerk enter default against the Defendants. The Clerk subsequently did enter default against all Defendants.

On March 30, 2021, Plaintiff filed the present motion (Dkt. #9). To date, Defendants have not appeared, nor filed any responsive pleadings.

**LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek entry of default judgment. *See* FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Although entries of default judgment are generally disfavored in the law, entry of a default judgement is not an abuse of discretion when a defendant fails to answer a complaint. *Lacey v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), *cert. denied*, 414 U.S. 1073 (1973). Prevailing law within the Fifth Circuit sets forth factors for courts to weigh when determining whether to enter default judgment:

> Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly

> established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893 (internal citations omitted).

After the clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). A court may hold a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other matter. FED. R. CIV. P. 55(b)(2). A hearing is not necessary if damages can be determined on the papers. *See id.*

## ANALYSIS

### I. Procedural Entitlement to Default Judgment

#### a. Do Material Issues of Fact Exist?

Because Defendants failed to answer Plaintiff's Complaint, they admit Plaintiff's well-pleaded allegations of fact—apart from any relating to the amount of damages—and are "barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992). Taking Plaintiff's allegations of fact as true, Plaintiff has shown a plausible entitlement to relief under the asserted causes of action.

Plaintiff alleges three causes of action: (1) violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended; (2) violations of 42 U.S.C. §2000e, *et seq.* (Unlawful Employment Practices), as amended; and (3) violations of the Texas Labor Code § 21.051, *et seq.* (for both age and sex discrimination).

Notably, when determining whether the requirements that "a default judgment must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings'" have been met, the Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206). "Rule 8(a)(2) requires a pleading to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted)).

### i. 29 U.S.C. § 623

Under 29 U.S.C. § 623(a) (the "ADEA"), "[i]t shall be unlawful for an employer to . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "To establish an ADEA claim, '[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision.'" *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)).

Plaintiff has alleged sufficient facts to show an adverse employment action was taken— namely, that Plaintiff was terminated "in violation of 29 U.S.C. § 623, *et seq.*" from his position as a licensed barber (Dkt. #1 at p. 6). Further, Plaintiff has asserted that, at time of termination, he was 62 years old and qualified to do the job duties of the position. Plaintiff contends he was earning approximately $20.00 an hour for a 32-hour work week. Related to the required causal

link, Plaintiff has stated that "[a]ny reason Defendants may offer for discharging Plaintiff as a licensed barber instructor is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of deficiencies of any kind during his employment with Defendants" (Dkt. #1 at pp. 6–7). Plaintiff also filed a written complaint with the U.S. Equal Employment Opportunity Commission on or about February 7, 2020 and received a Notice of Right to Sue on October 16, 2020.

The Court acknowledges that Plaintiff's allegations are not particularly detailed. However, "all elements of the cause of action are present by implication . . . (1) a protected activity . . . (2) adverse employment actions . . . (3) a causal link . . . and (4) qualification." *Wooten*, 788 F.3d at 499. As such, a material fact issue does not exist as to the causal, but-for connection between Plaintiff's termination and his age.

### ii. 42 U.S.C. § 2000e

Under 42 U.S.C. § 2000e-2, "[i]t shall be an unlawful employment practice for an employer to . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2.[1]

As noted above, Plaintiff has sufficiently pleaded that he was terminated, despite being well-qualified for the position. Further, Plaintiff has sufficiently alleged he is, in fact, a man. Plaintiff has also made an allegation that the termination was related to his sex: "Defendants' conduct as set forth above constitutes a violation of 42 U.S.C.A. § 2000e, *et seq*. . . . . . protecting Plaintiff (male) from discrimination in the workplace" (Dkt. #1 at p. 7). Plaintiff again asserts that "[a]ny reason Defendants may offer for discharging Plaintiff as a licensed barber instructor is

---

[1] Plaintiff appears to only assert that Defendants violated 42 U.S.C. § 2000e-2 as it relates to terminating Plaintiff on the basis of sex.

purely pretextual, as Plaintiff never received a negative performance review and was never given notice of deficiencies of any kind during his employment with Defendants" (Dkt. #1 at p. 7).

Plaintiff states that he was terminated after Stengel "came to him on or about April 17, 2019 and said 'well, now I have Ms. (Name Unknown, a cosmetology instructor) back so you might as well just go home'" (Dkt. #1 at p. 5). Taking the facts in Plaintiff's Complaint as true, the foregoing is enough to satisfy Rule 8(a). As stated above, "all elements of the cause of action are present by implication." *Wooten*, 788 F.3d at 499. As such, no material fact issue exists as to Plaintiff's unlawful employment practices claim.

### iii. Texas Labor Code § 21.051

Plaintiff brings analogous state law claims under the Texas Labor Code—specifically, claims for age and sex discrimination. Under Texas Labor Code § 21.051, "[a]n employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer . . . discharges an individual[] or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment." TEX. LABOR CODE § 21.051(1).

For the same reasons outlined above in the sections analyzing federal law, Plaintiff's factual allegations do show a plausible entitlement to relief. Plaintiff has pleaded facts sufficient to establish both age discrimination and unlawful employment practices. Plaintiff's allegations therefore also rise to the level of violations of the Texas Labor Code. No material issues of fact exist under any of Plaintiff's causes of action.

### b. Has There Been Substantial Prejudice?

Defendants failed to respond to the claims asserted in this matter. They have neither appeared nor filed any pleading, and there is no indication that they intend to do so. Defendants

received ample notice of the suit, as service was returned as executed on January 12, 2021. Due to Defendants' non-responsiveness, Plaintiff has been unable to move forward and continue to a resolution of his claims. Additionally, the motion for default judgment has been on file for more than a month with no response. Although there is no indication that Plaintiff personally served the instant motion on Defendants, under Federal Rule of Civil Procedure 5(a)(2), "[n]o service is required on a party who is in default for failing to appear" unless the pleading asserts a new claim for relief. FED. R. CIV. P. 5(a)(2). Despite the Complaint's filing on January 6, 2021, and the present motion's filing on March 30, 2020, Defendants have not appeared in the case. Based on this procedural history, and the length for which Plaintiff has been delayed administration of justice, Plaintiff has been substantially prejudiced by Defendants' non-participation.

### c. Are Grounds for Default Clearly Established?

As stated above, the record indicates that Plaintiff successfully perfected service of process on Defendants. Nevertheless, Defendants failed to answer or otherwise respond to the Complaint. The Clerk entered default, and Plaintiff subsequently filed his Motion for Default Judgment. The procedural requirements of Rule 55 of the Federal Rules of Civil Procedure are satisfied, and the Court may therefore enter default judgment.

### d. Was Default Caused by a Good Faith Mistake or Excusable Neglect?

Again, Defendants were properly served notice of Plaintiff's Complaint and failed to respond. There is no indication of good faith mistake or excusable neglect on Defendants' part.

### e. How Harsh is a Default Judgment?

Defendants had ample time to answer the Complaint, file a Rule 12 motion, respond to the clerk's entry of default, or even respond to the present motion. Defendants complete failure to participate in the litigation "mitigate[es] the harshness of a default judgment." *U.S. v. Fincanon*,

No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893)). As such, and considering the relevant facts and circumstances, the Court finds default in this case would not be harsh.

### f. Is the Court Obliged to Set Aside Default on Defendants' Motion?

An entry of default can be set aside for "good cause." FED. R. CIV. P. 55(c). The factors used in the Fifth Circuit to determine whether good cause exists are: (1) "whether the default was willful[;]" (2) "whether setting it aside would prejudice the adversary[;]" and (3) "whether a meritorious defense is presented." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (citation omitted). Importantly, however, "[t]he ultimate inquiry remains whether the defendant shows 'good cause' to set aside the default." *Id.* (citing *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir. 1992). As one court in this Circuit has noted, "[t]hese factors appear to be subsumed by the default judgment factors listed in *Lindsey*, making the sixth factor in *Lindsey* a 'catch-all,' so that default judgment must be denied wherever 'good cause' sufficient to set aside default exists." *Fincanon*, 2009 WL 301988, at *2 n.2. In accordance with the Court's analysis above, good cause would not appear to exist to set aside a default judgment.

## II. Sufficient Basis for the Pleadings

After establishing that default judgment is procedurally warranted, the Court must determine if a sufficient basis for the pleadings is present. Although Defendants are deemed to have admitted the allegations set forth in Plaintiff's Complaint, in light of an entry of default, the Court must review the pleadings to determine whether the Complaint presents a sufficient basis for relief. *Nishimatsu*, 515 F.2d at 1206 ("The corollary of this rule, however, is that a defendant's default does not itself warrant the court in entering a default judgment. There must be a sufficient

basis in the pleadings for the judgment entered."). As noted above, the Fifth Circuit looks to Rule 8 for guidance in determining whether a complaint is sufficient. *See Wooten*, 788 F.3d at 498.

The Court engaged in the appropriate Rule 8 analysis above when determining whether any material issues of fact exist. In accordance with the findings resulting from that analysis, the Court determines that there is a sufficient basis in the pleadings for all of Plaintiff's claims. As the default judgment is procedurally warranted and there is a sufficient basis in the pleadings, Plaintiff is entitled to a default judgment.

## III. Form of Relief

Plaintiff's damages are based upon violations of his civil rights and Texas state labor laws. However, Defendants' default "is not considered an admission to allegations concerning damages." *U.S. For Use of M-CO Constr., Inc.*, 814 F.2d at 1014. Further, the amount sought by Plaintiff is not "a liquidated sum" nor an amount "capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (citations omitted). As such, the Court will adhere to the general rule requiring a hearing to determine the appropriate amount of unliquidated damages. *See Id.* (citations omitted) ("As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing.").

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. #9) hereby **GRANTED**.

It is further **ORDERED** that a hearing to determine the appropriate amount of damages is **SET** for July 8, 2021 at 5:05 p.m. Plaintiff shall be prepared to present admissible evidence in support of the damages he requests.

It is further **ORDERED** that Plaintiff shall immediately serve a copy of this Order on all Defendants.

**IT IS SO ORDERED**.

**SIGNED this 22nd day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE